UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RACHEL MARIE WHITTED,

           Plaintiff,

    v.

NORTHERN NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

           Defendants.

Case No. 3:21-cv-00087-MMD-WGC

ORDER

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by an inmate incarcerated at the Northern Nevada Correctional Center ("NNCC"). On February 22, 2021, the Court issued an order denying Plaintiff Rachel Whitted's application to proceed *in forma pauperis* ("IFP"), without prejudice, because the application was incomplete. (ECF No. 3 at 2.) The Court ordered Whitted to file a complete IFP application or pay the full filing fee of $402.00 on or before April 23, 2021. (*Id.* at 2.)

On March 9, 2021, Whitted submitted a statement regarding her financial certificate and filed a financial certificate (not on the Court's approved form) and an inmate account statement. (ECF No. 4.) Thereafter, on April 12, 2021, Whitted filed a financial certificate on the Court's approved form. (ECF No. 5.) The Court notes that even if all of Whitted's individual IFP filings (ECF Nos. 1, 4, 5) are considered, Whitted has still not submitted page 3—the signed declaration page—of her IFP application. Whitted therefore has not filed a fully complete IFP application by the April 23, 2021 deadline, and the deadline has now expired.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir.

1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his or her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Whitted to file another IFP application or pay the full $402.00 filing fee on

1 or before April 23, 2021 expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402.00 filing fee for a civil action on or before April 23, 2021, this case will be subject to dismissal *without prejudice* for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the the full $402.00 filing fee." (ECF No. 3 at 3 (emphasis in original).) Whitted thus had adequate warning that dismissal would result from noncompliance with the Court's order to file another IFP application or pay the full $402.00 filing fee on or before April 23, 2021.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Whitted's failure to file a complete application to proceed *in forma pauperis* or pay the full $402.00 filing fee in compliance with the Court's February 22, 2021 order (ECF No. 3).

The Clerk of Court is directed to enter judgment and will close this case. No other documents may be filed in this now-closed case.

DATED THIS 3rd Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE